### STATE ex WOOSTER v PETHTEL et

Common Pleas Court, Lake County

No 17333. Decided June 7, 1940

A. C. Knight, Willoughby, for plaintiff.

Alvord, Blakely & Ostrander and Lester W. Donaldson, prosecuting attorney, Painesville, for various defendants.

## OPINION

By SLOCUM, J.

The plaintiff in this case, Ethel Wooster, brought this action as a taxpayer of the township of Willoughby, Lake County, Ohio, on behalf of the state of Ohio, and sought an injunction restraining the county auditor from entering into a contract or completing a contract for the publication of the delinquent land list and duplicate of Lake County with The Lake County News-Herald and its publisher the Willoughby News Publishing Company, and for an injunction restraining the Willoughby News Publishing Company from printing and publishing said delinquent land list and duplicate of Lake County, and also for an injunction restraining the board of county commissioners from approving any and all payments under the said contract.

It may be said at this point that the said delinquent land lists have been published by said defendant paper and its publishers.

The answers of defendant The Willoughby News Publishing Company, defendant H. Z. Pethtel, auditor of Lake County, and defendant the board of Lake county commissioners, are practically identical. They set forth in substance that The Lake County News-Herald is now and has been for more than two years last past a newspaper independent in politics and of general circulation in the county of Lake, and therefore entitled to make said publications as provided in §5704 GC.

The main question of the case centers under §5704 GC, which in substance provides for the publication of these delinquent lists in papers of opposite politics in the county and in the event there be only one newspaper of a designated political affiliation published in the county and of general circulation therein, then that such display notice and delinquent land lists shall be published in it and also a newspaper independent in politics published and of general circulation in such county.

The plaintiff's contention is that The Lake County News-Herald, published by said defendant company, is not a paper of independent politics but is a republican newspaper and therefore is not entitled to publish these lists, inasmuch as The Painesville Telegraph is a Republican paper and has published these lists.

At the outset there are some questions which might perhaps be denominated technical, but which contain some real merit and the court will therefore mention them in giving the opinion.

Respective counsel for the defendants moved on behalf of each defendant for a judgment, claiming that the plaintiff did not comply with the provisions of §2922 GC, in that she did not secure the costs upon bringing such suit. Our Court of Appeals in the case of **State ex Crowther v H. Z. Pethtel, Auditor,** held that under §§2921 and 2922 GC, that the taxpayer was first required to secure the costs and not having done so, the action is not authorized. However, this court, although recognizing some merit in the defendants' motion, overruled the same.

There is another unique question in this case, in that the evidence disclosed that The Lake County News-Herald published the aforesaid list before The Painesville Telegraph, and it being the contention of the plaintiff that The Lake County News-Herald is Republican, perhaps according to her theory the suit should have been brought against the Telegraph.

Now coming to the actual question as to whether or not The Lake County News-Herald is a paper of independent politics and therefore entitled to publish under the statute, the court feels in determining this question, that the following principles should be observed:

First, the statements of the owners and publishers of the paper, whether given orally or in writing, as to the paper's politics, should be examined;

Second, the editorials in the paper should be perused to see whether or not they disclose any definite leanings toward one party or the other;

Third, the news items in the paper should be scanned to see whether any undue preference is given to one political party over another or if they are treated in an impartial manner.

With these principles in mind, the testimony disclosed in the case, is briefly as follows: The plaintiff, Ethel Wooster, gives no statements one way or the other indicating the policies of the paper. She testified that she was acquainted with this paper and had read it continuously since about a month after it started in 1933 and that she brought the suit after talking with Mr. Knight, her attorney in this case, and at his request; that it was not her own idea to bring the suit but that she was glad to comply with Mr. Knight's request. The testimony of the owners, and the managers and the editor of the paper, was to the general effect that one of its predecessors was republican, another democratic, and its immediate predecessor an independent paper, and that these were all finally combined in the early part of 1933 under the one ownership and management to publish The Lake County News-Herald, which is printed by The Willoughby News Publishing Company. They also testified to and put in evidence affidavits which they had made through the years since 1933 to the state highway department, so that they might obtain legal advertising from it. In these statements they listed their paper as independent and received this advertising. They also stated that they informed the defendant, county auditor Mr. Pethtel, that they were independent in politics and received the advertising and publication of these delinquent land lists from him in 1938. There was no testimony introduced in behalf of the plaintiff of any declarations made by any of the officers of this publishing company or the editor of the paper to any individuals, as to the politics of the paper, whether republican, democratic or otherwise.

A vast quantity of the publications of said newspaper have been submitted to the court, including the publications for the year 1939, from January 6th up to and including the December 29th issue, this paper being published twice weekly. A perusal of these issues shows some 59 democratic news stories and some 18 republican news stories, together with a number of articles and editorials praising some of the democratic projects such as the National Youth Movement and the Federal Housing Projects, and so forth, and also criticizing some of the democratic projects. There was an article in one of the issues recommending the election of three republican state senators, but the court feels that this article could be called an independent article inasmuch as they were recommended from their wide and well-known experience and ability as legislators. The predominance of the democratic articles is only natural in that the democratic party being in power in Washington, it is naturally the sponsor of National Projects. The court feels that from a perusal of these articles, the paper has clearly demonstrated its independent attitude.

Counsel for the plaintiff made extensive allusion to certain advertising of republican candidates for county, state and national office, claiming that this showed a predominant tendency toward the republican party. However, it is to be noted that this advertising was paid for and sponsored by the state and Lake County republican party and that the paper was open at all times for advertising by other parties and did contain extensive paid political advertising by the democratic party and its candidates.

The court feels that it would be just as foolish to claim this a measure or indication of the paper's politics as it would be to claim that because a democrat happened to sell a republican an automobile, a cake of soap or any other article, that said merchant was a republican in his leanings.

The court therefore feels, without going into any extended summary of the evidence, that this paper is an independent paper and entitled to this advertising and that the county auditor

complied with the statute in giving the same to The Lake County News-Herald. Therefore the prayer of the plaintiff's petition should be denied and the plaintiff should pay the costs of this action.

Prevailing counsel will therefore draw a journal entry in accordance with this opinion, submitting the same to opposing counsel and the court for approval and noting proper exceptions.